An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-987

Filed 18 March 2026

Wilson County, No. 19CR051356-970

STATE OF NORTH CAROLINA

v.

VICTOR CRUZ, Defendant.

Appeal by defendant from judgment entered 12 April 2024 by Judge Timothy W. Wilson in Wilson County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Rebecca E. Lem, for the State.*

> *Mark Montgomery for defendant-appellant.*

GORE, Judge.

This case arises from defendant's conviction for second-degree rape following a jury trial in Superior Court, Wilson County. On appeal, defendant contends the trial court erred in denying his motion to dismiss at the close of the State's evidence, arguing the State failed to present substantial evidence that the complainant did not consent to intercourse. Jurisdiction lies with this Court pursuant to N.C.G.S. §§ 7A-

27(b) and 15A-1444(a), based on defendant's timely notice of appeal from a final judgment in a criminal case. After careful review, we conclude the trial court properly submitted the charge to the jury and discern no error in the judgment entered below.

**I.**

Victor Cruz and the complaining witness ("Sally") first met in elementary school and later reconnected as teenagers. Over time, they developed a personal relationship that included prior instances of consensual intimacy. Sally also maintained a separate friendship with Jose Lopez, a mutual acquaintance of both parties.

On 6 April 2019, Sally met with Cruz and Lopez at Lopez's residence. The three spent time in a bedroom playing video games and talking. At some point during the afternoon, an encounter occurred between Cruz and Sally. Sally testified that she did not wish to engage in sexual activity and attempted to communicate her lack of consent.

Lopez, who was present, testified that he observed portions of the interaction and initially believed Sally was joking, but later realized she appeared uncomfortable. Following the encounter, Sally left with her mother but did not immediately disclose any allegation.

Sally later told a relative about the incident, and a report was made to law enforcement. Detective Jordan King conducted interviews with Sally, Lopez, and Cruz. During his interview, Cruz acknowledged aspects of physical contact but

indicated that he believed Sally was consenting. He later testified to that belief at trial.

At trial, Cruz presented his own testimony and called nine character witnesses who described him as peaceful and law-abiding. The State introduced evidence including video recordings of the interviews and recalled both Sally and Detective King in rebuttal.

The jury found Cruz guilty of second-degree rape and judgment was entered on 4 April 2024. Cruz gave oral notice of appeal in open court.

**II.**

Defendant argues the trial court erred in denying his motion to dismiss the charge of second-degree rape for insufficient evidence that the sexual intercourse was by force and against the will of the complainant. We disagree.

A motion to dismiss for insufficient evidence is reviewed de novo. *State v. Crockett*, 368 N.C. 717, 720 (2016). When ruling on such a motion, the trial court must determine whether there is substantial evidence of each essential element of the offense charged and that the defendant was the perpetrator. *State v. Smith*, 300 N.C. 71, 78 (1980). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In conducting this analysis, the evidence must be considered in the light most favorable to the State, with the State receiving the benefit of every reasonable inference. *Id.*

To sustain a conviction for second-degree rape under N.C.G.S. § 14-27.22, the

State must prove that the defendant engaged in vaginal intercourse with another person by force and against that person's will. Force may be either actual physical force or constructive force, *see State v. Etheridge*, 319 N.C. 34, 45 (1987), and lack of consent may be inferred from circumstances including resistance, expressions of non-consent, or the use of physical restraint, *see State v. Penland*, 343 N.C. 634, 649 (1996) (holding that evidence of physical resistance is not required to prove lack of consent, and that victim's expressions of unwillingness or fear may demonstrate non-consent).

In this case, the State presented testimony from the complainant that she repeatedly expressed her lack of consent, attempted to physically resist defendant, and ultimately ceased resisting only after being overpowered. The complainant's testimony was corroborated in part by a co-participant in the incident, who testified to observing resistance and hearing the complainant say "stop." The State also introduced a recorded police interview in which defendant made statements indicating physical efforts to engage in intercourse and acknowledging the complainant's verbal and physical resistance. Viewed in the light most favorable to the State, this evidence was sufficient for a reasonable jury to conclude that the intercourse occurred by force and against the complainant's will.

Defendant contends that his prior sexual relationship with the complainant gave rise to a reasonable belief that she consented and argues that the trial court erred by failing to instruct the jury that such a belief would negate criminal liability. However, this Court has rejected the notion that a mistaken belief in consent, even if

genuine or allegedly reasonable, constitutes a defense to second-degree rape. In *State v. Yelverton*, this Court held that "a defendant's knowledge of whether the victim consented is not a material element of rape and we have not recognized mistaken belief in consent as a defense[.]" 274 N.C. App. 348, 353 (2020). While Rule 412(b)(3) permits the admission of evidence relating to a complainant's prior sexual behavior to support a claim of consent or a defendant's belief in consent, that rule governs evidentiary admissibility, not substantive criminal law. *Id.* Accordingly, a mistaken belief in consent does not entitle a defendant to an acquittal.

Because the State presented substantial evidence of each element of second-degree rape, the trial court properly denied defendant's motion to dismiss.

## III.

The State presented substantial evidence from which a reasonable jury could conclude that defendant engaged in sexual intercourse with the complainant by force and without her consent. The trial court did not err in denying defendant's motion to dismiss. Discerning no error in the proceedings below, we leave the jury's verdict undisturbed.

NO ERROR.

Chief Judge DILLON and Judge STROUD concur.

Report per Rule 30(e).